CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 2 8 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Jay Coleman
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| REPUBLIC SERVICES OF VIRGINIA, LLC, *Plaintiff,* <br><br> v. <br><br> AMERICAN TIMBERLAND, LLC, *Defendant.* | CASE NO. 6:06-CV-00041 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's November 3, 2006 Motion to Quash the Memorandum of Lis Pendens. The issue was fully briefed and hearing was held on November 21, 2006. For the reasons set forth below, this motion will be granted.

## FACTS

Plaintiff Republic Services is in the business of developing landfills for municipal solid waste disposal. Upon learning of an upcoming request for proposals (RFP) from Cumberland County, Virginia, Plaintiff put together a bid package which included an option to buy land owned by Defendant American Timberland ("Parcel A"). The option contract, attached as an exhibit to the Notice of Removal (docket # 1), required that Defendant cooperate as required in obtaining the necessary approvals and refrain from "opposing, directly or indirectly," Plaintiff's intended use of the property (paragraph 7). That option contract is still open.

Plaintiff did not win the county contract. Another company, Allied Waste Management

LLC, was chosen, but subject to the condition that Allied promptly obtain appropriate property to develop into a landfill. Allied subsequently negotiated a contract of sale with Defendant for a different, noncontiguous piece of property than Plaintiff had optioned ("Parcel B").

The contract itself, in paragraph 16, limits Plaintiff's remedies to specific performance and rescission, with a return of the Option Consideration, as defined in the contract.

Plaintiff asserts that in this context, the sale of Parcel B to Allied to develop a landfill constitutes "opposition" to the use of Parcel A as a landfill, and thus breaches the contract. It seeks specific performance in the form of an injunction forbidding the sale of Parcel B to Allied for the purpose of developing a landfill. Plaintiff has filed a memorandum of lis pendens on Parcel B, in the hope that even if the sale closes, the Court will retain the ability to void the transaction when this litigation is ultimately resolved.

The issue before the court today is the validity of the lis pendens.

## APPLICABLE LAW

This diversity action is governed entirely by state law. The lis pendens statute is found at Va. Code Ann. §8.01-268, and contains the following relevant language: "No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based seeks to establish an interest by the filing party in the real property described in the memorandum." The question before the Court is whether Plaintiff has or seeks to establish a legally cognizable interest in "Parcel B," real property which is the subject of a sale contract between Defendant and the non-party Allied Waste North American LLC.

Virginia law is murky on the subject of what interest is sufficient to support a memorandum of lis pendens. The Virginia Supreme Court, writing about a statute which did not yet contain the passage quoted above, declared, "In Virginia, if the title to real property is

involved in a pending action, Code § 8-142 [since amended and recodified as § 8.01-268] permits the filing of a lis pendens to give notice to anyone who might deal with the property in the pending litigation. The statute is not applicable, however, to an action to recover a personal judgment against the defendant." *Preston's Drive Inn Restaurant, Inc. v. Convery*, 207 Va. 1013, 1016, 154 S.E.2d 160 (1967). This statement is clear enough, but it was contradicted in a 1982 case, which held that the filing of lis pendens "is open to any litigating party seeking a money judgment against an individual property owner in Virginia." *In re Hart*, 24 B.R. 821, 825 (Bankr. E.D. Va. 1982). The Bankruptcy Court found, somewhat bizarrely, that the Virginia Supreme Court, in *Preston*, had misstated, or possibly distorted, Virginia law. *Id*. at 824.

This Court rejects the Bankruptcy Court's opinion on three grounds. First, it is not possible for the Virginia Supreme Court to "misstate" Virginia law, at least as far as the Federal District Courts are concerned. Regardless of any possible dissatisfaction the Federal courts may have with the legal decisions of the Virginia courts, in applying state substantive law, we are bound by them. Second, the Fourth Circuit has rejected the broad language of *Hart* in favor a direct citation of *Preston*. *Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988). Finally, the statute was amended in 1988 to add the language quoted above, explicitly requiring an "interest in real property."

## DISCUSSION

At no time has Plaintiff asserted or attempted to establish title or possession of Parcel B. Plaintiff has not claimed a valid lease, rents, remainder, or executory interest. Nor does Plaintiff possess an option or mortgage on Parcel B. In short, Plaintiff claims nothing conventionally called an "interest" in the property.

At the hearing, Plaintiff raised the possibility that the "interest" to be established was akin

to enforcement of a restrictive covenant. That is, Plaintiff wishes to analogize the promise not to "oppose" Plaintiff's proposal to Cumberland county to, for instance, a homeowner's promise to his neighbor not to paint his house an offensive color. The question then arises whether such a covenant can properly be considered an "interest" in land sufficient to support a lis pendens. Counsel did not cite any cases on this question, the Court has not located any, and it seems probable that there are none.

Without deciding whether a duly recorded restrictive covenant which runs with the land is an "interest" in property, this Court finds that a covenant which does not or cannot by law run with the land is *not* such an interest. Such a covenant is not in any way attached to the real property, and is merely a personal promise. The purpose of a lis pendens filing is to give notice to anyone who might purchase the land that pending litigation might affect the buyer's rights. Because a covenant that does not run with land cannot bind the assigns of the covenantor, a lis pendens in such a case serves no purpose and might in fact be deceptive.

In this case, the promise made by Defendant to avoid opposing Plaintiff's application for a landfill permit was clearly not a restrictive covenant which would run with the land. First, Plaintiff does not own any property benefitted by the putative covenant. They have an option to purchase land; the promise was made in the option contract, not a duly recorded deed. Second, the nature of the covenant was a personal promise. The purpose was to protect the business interests of Plaintiff; such restrictions cannot run with the land. *R. C. Allison, et als. v. Flora G. Greear, et als*, 188 Va. 64, 49 S.E.2d 279 (1948). Finally, the Court finds the promise too vague to be enforced as a restrictive covenant by Virginia real estate law.[1] Covenants are to be strictly

---

[1] The Court expresses no opinion on whether the promise is too vague to be enforced by contract law.

construed because they are disfavored. *See Traylor v. Holloway*, 206 Va. 257, 259, 142 S.E.2d 521, 522-23 (1965).

Since the alleged covenant cannot run with the land, it is not an "interest" in property and cannot support the lis pendens.

Plaintiff cited *Dworsky v. Cohen*, 63 Va. Cir. 65, as the "best" case supporting the filing of lis pendens in this case. But *Dworsky* was a trustee-beneficiary dispute involving a woman who really did have an ownership interest in the property, namely, a right to receive income. Nothing of the kind is asserted here. At best, Plaintiff has a very speculative right to receive income from a landfill which has not yet been, and may never be, constructed on Parcel A, not Parcel B.

Finally, Plaintiff argues that a litigant need not hold an interest in land, but merely seek to "establish" one, to justify a lis pendens. This is true, but what Plaintiff seeks is not an interest in land. Even if Plaintiff prevails on the merits and receives exactly the remedy it seeks, it will not take title, possession, a mortgage, remainder, or any other legal interest in Parcel B. Rather, Plaintiff has demanded an injunction either forbidding Defendant to complete the sale or requiring Allied to reconvey the property in question to the Defendant. An injunction is not an interest in land. Plaintiff, therefore, does not seek to establish an interest in land.

The gravamen of this case is breach of contract, and ordinary breach of contract remedies such as expectation damages or rescission are the only ones available. As is always the case, an injunction will only be available if remedies at law are inadequate or overly speculative. Here, Plaintiff has voluntarily contracted away some potential remedies, but that does not change the law; it merely places Plaintiff in a less appealing litigating position.

## CONCLUSION

The Court finds that Virginia law does not allow for the recordation of a Memorandum of Lis Pendens as part of an ordinary contract action unless the contract in dispute concerns some right or interest in the land which is the subject of the memorandum. Here, Parcel A is the subject of the contract, and Parcel B is the subject of the lis pendens filing. Accordingly, a lis pendens on Parcel B is not permitted by Virginia law.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Nov. 28, 2006
Date